UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**NANCY M. DISCON, ET AL.,**                     **CIVIL ACTION**
    **Plaintiffs**

**VERSUS**                                                            **NO. 14-392**

**JAMES LOUIS MCNEIL, III, ET AL.,**             **SECTION: "E" (2)**
    **Defendants**

## ORDER

Before the Court is Defendant Encompass Insurance Company of America's ("Encompass") motion for partial summary judgment pursuant to FRCP Rule 56[1] and Plaintiffs' motion to continue trial.[2] Plaintiffs filed this action for damages they allegedly sustained as a result of an auto accident on February 22, 2013. In the First Amended Complaint, Plaintiffs added Encompass as a Defendant. Encompass is Plaintiffs' uninsured/underinsured motorists insurer from which Plaintiffs are seeking additional damages and relief. Plaintiffs Nancy Discon and John Discon have settled their claims, so there are only two Plaintiffs remaining in this action: Lynne Davisson and Scott Discon.

Motion to Dismiss

Encompass seeks to have dismissed any claims regarding allegations that Encompass handled the instant uninsured/underinsured motorists claim in an arbitrary and capricious manner. Encompass argues Plaintiffs have no evidence of any kind that Encompass handled the instant claims in an arbitrary and capricious manner, and there is no genuine dispute of material fact as to these claims.

---

[1] R. Doc. 46.
[2] R. Doc. 52.

Plaintiffs' response indicates that they have no opposition to the granting of the partial summary judgment dismissing the arbitrary and capricious claims of Plaintiffs up until January 27, 2015, the time when Encompass filed its motion. Plaintiffs indicate, however, that Scott Discon recently had an anterior hip replacement surgery and is due a tender from Encompass. Plaintiffs seek to reserve their rights for any future arbitrary and capricious behavior after January 27, 2015 if Encompass fails to timely provide any of the Plaintiffs with a timely tender when due.[3] Encompass argues this response is tantamount to an admission to the fact that the "bad faith" claims made by the Plaintiffs in the First Amended Complaint are without basis in fact or evidence.

The Court agrees with Encompass and finds there is no genuine dispute about a material fact with respect to Plaintiffs' allegations that Encompass acted in an arbitrary and capricious manner during the handling of the uninsured/underinsured motorist claims at issue in the First Amended Complaint. Accordingly, Encompass's motion for partial summary judgment is granted with respect to any arbitrary and capricious claims brought by Plaintiffs in the First Amended Complaint.

<u>Motion to Continue</u>

On March 6, 2015, Plaintiffs filed an opposed motion to continue trial and pretrial deadlines.[4] That same day, Encompass filed its opposition.[5] Given the upcoming trial date of April 6, 2015 and the fact that all parties have submitted briefing, the Court expedites hearing on the motion for a continuance.

Plaintiffs' motion states that one of the remaining Plaintiffs in this action, Scott Discon, recently underwent hip replacement surgery on January 13, 2015 and that he is

---

[3] R. Doc. 47.
[4] R. Doc. 52.
[5] R. Doc. 53.

now undergoing aggressive physical therapy that is expected to continue into the summer. As a result, Plaintiffs contend he has not reached maximum medical improvement ("MMI"), and "[t]o force Scott Discon to go to trial at this time when he has not reached MMI is unfair to complainant. Complications may arise during complainant's recovery."[6] Additionally, Plaintiffs state the other Plaintiff, Lynne Davisson, wishes to go forward with more aggressive treatment for her injuries since she has had little relief and her "cervical condition is presently her worst condition."[7] Plaintiffs request their first continuance because both Plaintiffs have not reached MMI and Plaintiffs belief a trial may not be necessary if a continuance is granted since Plaintiffs' claims will become ripe for settlement once Plaintiffs reach MMI.[8]

Encompass's opposition states that Plaintiffs' motion to continue should be denied because (1) Plaintiffs have refused to abide by the Court's discovery orders, (2) Plaintiffs' allegation that Scott Discon has not reached MMI from a recent surgery is not a basis for a continuance, (3) there is no evidence to suggest that Scott Discon is currently disabled in any way; (4) there is no evidence to suggest that this trial should be continued based on additional medical treatment needed for Plaintiff Lynne Davisson, and (5) the stated basis for the continuance, as set forth by Plaintiffs, does not constitute "good cause or compelling reason" to continue this trial.[9]

The Court has broad discretion in determining whether to grant a motion for continuance. The Court finds a continuance is warranted under the circumstances given the Court's trial docket and Plaintiffs' medical conditions. Accordingly, the trial, pretrial conference, and all pretrial deadlines that have not yet passed as of the date of this order

---

[6] R. Doc. 52-1 at p. 2.
[7] *Id.*
[8] *Id.* at pp. 2–3.
[9] R. Doc. 53.

are continued. The Court's case manager will contact the parties to set a scheduling conference to reset the trial date, pretrial conference date, and pretrial deadlines.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that Encompass's motion for partial summary judgment as to Plaintiffs' arbitrary and capricious claim is **GRANTED**.[10]

**IT IS FURTHER ORDERED** that Plaintiffs' motion to continue trial and pretrial deadlines is **GRANTED.**[11] The remaining pretrial deadlines in the Court's Scheduling Order[12] are vacated. The Court's case manager will contact the parties to set a scheduling conference to reset the trial date, pretrial conference date, and pretrial deadlines.

New Orleans, Louisiana, this 11th day of March, 2015.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[10] R. Doc. 46.
[11] R. Doc. 52.
[12] R. Doc. 27.