# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NANCY M. DISCON, ET AL.,** | **CIVIL ACTION** |
| **Plaintiffs** | |
| | |
| **VERSUS** | **NO. 14-392** |
| | |
| **JAMES LOUIS MCNEIL, III, ET AL.,** | **SECTION: "E" (2)** |
| **Defendants** | |

## ORDER AND REASONS

Before the Court is Defendant Encompass Insurance Company of America's second motion for partial summary judgment pursuant to Federal Rule of Civil Procedure 56.[1] The motion is opposed.[2]

## BACKGROUND

Plaintiffs filed this action for damages they allegedly sustained as a result of an auto accident on February 22, 2013.[3] Plaintiffs Nancy Discon, John Discon, Lynne Davisson, and Scott Discon filed suit against Erie Insurance Company and James McNeil.[4] Scott Discon was driving with passengers Nancy Discon, John Discon, and Lynne Davisson when their vehicle was allegedly rear-ended by James McNeil, insured by Erie Insurance Company.[5]

Plaintiffs filed an amended complaint on June 20, 2014, naming Encompass Insurance Company ("Encompass") as a defendant.[6] Encompass provided an uninsured/underinsured insurance policy in favor of Plaintiffs on the date of the accident

---

[1] R. Doc. 81.
[2] R. Doc. 82.
[3] R. Doc. 1.
[4] R. Doc. 1.
[5] R. Doc. 1.
[6] R. Doc. 10.

in question.[7] Plaintiffs Nancy Discon and John Discon have settled their claims,[8] so there are only two Plaintiffs remaining in this action: Lynne Davisson and Scott Discon.

On March 11, 2015, the Court granted Encompass's motion to dismiss the Plaintiffs' claims that it acted in an arbitrary and capricious manner in handing the Plaintiffs' uninsured motorist claims.[9] The Plaintiffs filed a second amended complaint on January 22, 2016, again alleging Encompass engaged in arbitrary and capricious behavior in handling Plaintiff Scott Discon's claim.[10] Scott Discon ("Discon") alleges Encompass is subject to penalties for engaging in arbitrary and capricious behavior in its refusal to make unconditional tender payments to Discon for his hip replacement surgery.[11]

Encompass filed its motion for partial summary judgment, arguing it did not act in an arbitrary and capricious manner when handling Discon's claim because there are disputes with respect to the causation of Discon's lower back and hip injuries.[12]

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[13] "An issue is material if its resolution could affect the outcome of the action."[14] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing

---

[7] *Id.*
[8] R. Doc. 13.
[9] R. Doc. 54.
[10] R. Doc. 63.
[11] R. Doc. 63.
[12] R. Doc. 81.
[13] FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).
[14] *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).

the evidence."[15] All reasonable inferences are drawn in favor of the nonmoving party.[16] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the nonmoving party, no reasonable trier of fact could find for the nonmoving party, thus entitling the moving party to judgment as a matter of law.[17]

If the dispositive issue is one on which the moving party will bear the burden of persuasion at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[18] If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the nonmoving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[19]

If the dispositive issue is one on which the nonmoving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the nonmovant's claim, or (2) demonstrating there is no evidence in the record to establish an essential element of the nonmovant's claim.[20] When proceeding under the first option, if the

---

[15] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).

[16] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[17] *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).

[18] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263–64 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).

[19] *Celotex*, 477 U.S. at 322–24.

[20] *Id.* at 331–32 (Brennan, J., dissenting); *see also St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987) (citing Justice Brennan's statement of the summary judgment standard in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986), and requiring the movants to submit affirmative evidence to negate an essential element of the nonmovant's claim or, alternatively, demonstrate the nonmovant's evidence is insufficient to establish an essential element); *Fano v. O'Neill*, 806 F.2d 1262, 1266 (citing Justice Brennan's dissent in *Celotex*, and requiring the movant to make an affirmative presentation to negate the nonmovant's claims on summary judgment); 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2727.1 (2016) ("Although the Court issued a five-to-four decision, the majority

nonmoving party cannot muster sufficient evidence to dispute the movant's contention that there are no disputed facts, a trial would be useless, and the moving party is entitled to summary judgment as a matter of law.[21] When, however, the movant is proceeding under the second option and is seeking summary judgment on the ground that the nonmovant has no evidence to establish an essential element of the claim, the nonmoving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[22] Under either scenario, the burden then shifts back to the movant to demonstrate the inadequacy of the evidence relied upon by the nonmovant.[23] If the movant meets this burden, "the burden of production shifts [back again] to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)."[24] "Summary judgment should be granted if the nonmoving party fails to respond in one or more of these ways, or if, after the nonmoving party responds, the court determines that the moving party has met its ultimate burden of persuading the court that there is no genuine issue of material fact for trial."[25]

"[U]nsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the

---

and dissent both agreed as to how the summary-judgment burden of proof operates; they disagreed as to how the standard was applied to the facts of the case." (internal citations omitted)).

[21] *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288–89 (1980); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).

[22] *Celotex*, 477 U.S. at 332–33.

[23] *Id.*

[24] *Celotex*, 477 U.S. at 332–33, 333 n.3.

[25] *Id.*; *see also First National Bank of Arizona*, 391 U.S at 289.

record and to articulate the precise manner in which that evidence supports the claim. 'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[26]

## LAW AND ANALYSIS

As the moving party, it is Encompass's burden to establish the absence of genuine issues of material fact and that it is entitled to judgment as a matter of law. Because Discon, as the nonmoving party, bears the burden of persuasion at trial on the issue of whether Encompass breached its statutory duty to timely pay his claims,[27] Encompass must either put forth affirmative evidence that negates an essential element of Discon's claim or demonstrate that there is no evidence in the record to establish an essential element of Discon's claim. The question before this Court is whether there is a genuine dispute of material fact with respect to whether Encompass's refusal to pay was based on a good-faith defense that there was a reasonable dispute concerning the extent of Discon's injuries resulting from the February 2013 accident.

It is undisputed that in his second amended complaint, Discon states he received $170,000 in payments from Encompass following the February 12, 2013 accident.[28] Discon now seeks additional payment for "extensive testing and treatment, including but not limited to, his hip, lumbar spine, cervical spine, physical therapy and eventual anterior hip replacement surgery."[29] The parties do not dispute that, following the

---

[26] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) and quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).

[27] *Reed v. State Farm Mut. Ins. Co.*, 857 So. 2d 1012, 1020 (La. 2003) ("One who claims entitlement penalties and attorney fees has the burden of proving the insurer received satisfactory proof of loss as a predicate to a showing that the insurer was arbitrary, capricious, or without probable cause.").

[28] R. Doc. 81-2 at 2; R. Doc. R. Doc. 82-7 at 1.

[29] R. Doc. 63 at 2.

accident, Discon did not undergo neck or back surgery.[30] In its statement of uncontested material facts, Encompass points to the report of Dr. James Butler, an independent medical examiner.[31] In his opposition to the motion for partial summary judgment, Discon argues the Court must not consider Dr. Butler's report because it is unsworn.[32] In its reply to Discon's memorandum in opposition, Encompass attached the sworn affidavit of Dr. James Butler, swearing he performed "an examination and review [of] medical records regarding Scott Discon that resulted in [Dr. Butler's] report of November 14, 2014."[33] The Court therefore may consider Dr. Butler's report when ruling on this motion for partial summary judgment.

Other than objecting to Dr. Butler's report being inadmissible evidence for the purpose of Rule 56, Discon did not dispute the factual statements made by Encompass with respect to Dr. Butler's findings.[34] The only statement of fact disputed by Discon is Encompass's representation that Dr. Chad Millet is not Discon's treating physician and Discon saw him only for a second opinion concerning Discon's hip replacement surgery.[35] The Court finds this factual dispute immaterial.

At trial, Discon will bear the burden of proving that Encompass acted arbitrarily and capriciously by refusing to make unconditional tender payments.[36] Encompass, as movant on summary judgment, must submit affirmative evidence to negate an essential

---

[30] R. Doc. 81-2 at 2; R. Doc. R. Doc. 82-7 at 1.
[31] *See* R. Doc. 81-2.
[32] R. Doc. 82-7. "Unsworn expert reports . . . do not qualify as affidavits or otherwise admissible evidence for [the] purpose of Rule 56, and may be disregarded by the court when ruling on a motion for summary judgment. *Provident Life & Acc. Ins. Co. v. Goel*, 274 F.3d 984, 1000 (5th Cir. 2001).
[33] R. Doc. 83-1.
[34] *See* R. Doc. 82-7.
[35] R. Doc. 82-7 at 2.
[36] *See Reed*, 857 So. 2d at 1020–21.

element of Discon's claim or demonstrate there is no evidence in the record to establish an essential element of Discon's claim.

Louisiana Revised Statutes section 22:1892[37] mandates insurers "shall pay the amount of any claim due to any insured within 30 days after receipt of satisfactory proofs of loss from the insured or any party in interest.[38] "Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand . . . when such failure is arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater."[39] Section 22:1973 of the Louisiana Revised Statutes states "[f]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause" may subject the insurer to penalties.[40] The conduct prohibited in these two statutes is "virtually identical" and the "primary difference is the time periods allowed for payment."[41]

To prove Encompass breached its duty to timely pay his claim, at trial Discon must show "(1) the insurer has received satisfactory proof of loss, (2) the insurer fails to tender payment within thirty days of receipt thereof, and (3) the insurer's failure to pay is arbitrary, capricious, or without probable cause."[42] The issue in this case is whether Encompass's failure to pay is arbitrary and capricious.

---

[37] Previously Louisiana Revised Statutes section 22:658.
[38] LA. REV. STAT. § 22:1892(A)(1).
[39] *Id.* at § 1892(B)(1).
[40] *Id.* § 22:1973.
[41] *Reed*, 857 So. 2d at 1020.
[42] *Versai Mgmt. Corp. v. Clarendon Am. Ins. Co.*, 597 F.3d 729, 739 (5th Cir. 2010) (quoting *La. Bag Co. v. Audubon Indem. Co.*, 999 So. 2d 1104, 1112–13 (La. 2008)).

An insurer's behavior is "arbitrary, capricious, or without probable cause" when it is "vexatious," and a vexatious refusal to pay means the refusal to pay is "unjustified, without reasonable or probable cause or excuse."[43] An insurer's actions are vexatious when its refusal to pay is not based on a good-faith defense.[44] "An insurer does not act arbitrarily or capriciously when its refusal to pay a claim is based on a genuine dispute over coverage or the amount of loss."[45] "[W]hen there is a reasonable and legitimate question as to the extent and causation of a claim, bad faith should not be inferred from an insurer's failure to pay within the statutory time limits when such reasonable doubts exist."[46] When there are reasonable and legitimate issues as to the extent of an insurer's liability or an insured's loss, failure to pay within the time limit required by the statute is not arbitrary or capricious.[47]

In *Guillory v. Lee*, the Louisiana Supreme Court reversed an award of penalties and attorneys fees to Progressive—the insurer—because it "possessed a good faith defense that there was a reasonable dispute concerning the extent of plaintiff's injuries resulting from the accident."[48] Like the insurer in this case, Progressive made one unconditional tender to its insured for his injuries, but refused to make a second unconditional tender because of "Progressive's belief that there existed liability and causation issues."[49] When the Progressive claims representative was asked why the plaintiff was refused an additional unconditional tender, the representative testified "it was difficult to tell if

---

[43] *Reed*, 857 So. 2d at 1021.
[44] *Id.*
[45] *In re Chinese Manufactured Drywall prods. Liabl. Litig.*, 759 F. sup. 2d 822, 853 (E.D. La. 2010) (citing *Reed*, 857 So. 2d at 1021).
[46] *Lemoine v. Mike Munna, LLC*, 148 So. 3d 205, 215 (La. Ct. App. 1 Cir. 6/6/14) (citing *Reed*, 857 So. 2d at 1021).
[47] *Id.* (citing *Louisiana Bag Co. v. Audubon Indem. Co.*, 999 So. 2d 1104, 1114 (La. 2008)).
[48] *Guillory v. Lee*, 16 So. 3d 1104, 1130 (La. 2009).
[49] *Id.* at 1129.

plaintiff sustained any injury as a result of this accident, based upon his recorded statement that he had prior neck and back injuries, as well as the differing opinions of the physicians . . . ."[50] Recognizing that a penalizing statute is to be strictly construed,[51] the court found Progressive's refusal to pay was not arbitrary and capricious because "reasonable minds could have differed as to the value of plaintiff's claim, based upon the circumstances surrounding the cause of plaintiff's alleged injuries and related medical expenses . . . ."[52]

Likewise, in *Reed v. State Farm Mutual Insurance Company*, the Louisiana Supreme Court held State Farm—the insurer—presented a reasonable defense for its refusal to pay a second unconditional tender to the plaintiff, and its actions were therefore not arbitrary or capricious.[53] The court found causation questions as to the source of the plaintiff's complaints existed because the medical records showed the accident aggravated a preexisting condition.[54] In arriving at its decision, the court considered the facts that State Farm had made an initial tender payment to the plaintiff, deposed the plaintiff's treating physician, and obtained an independent medical examination.[55] These three facts also exist in the instant case.

Encompass argues Discon fails to establish it acted in an arbitrary and capricious manner in its refusal to make additional unconditional tender payments.[56] Encompass contends "legitimate causation issues exist with regards to Mr. Discon's injuries and

---

[50] *Id.*
[51] *International Harvester Credit Corp. v. Scale*, 518 So. 2d 1039, 1041 (La. 1988).
[52] *Guillory*, 16 So. 3d at 1130.
[53] *Reed*, 857 So. 2d at 1022.
[54] *Id.*
[55] *Id.*
[56] R. Doc. 81-1.

continuing complaints."[57] In support of its position, Encompass submits the report of Dr. Butler, the independent medical examiner. In his report, upon review of Discon's medical records, Dr. Butler states Discon has sustained neck and lower back injuries from an automobile accident in March 2010, well before the accident that is the subject of this matter.[58] With respect to Discon's neck injury, Dr. Butler noted Discon had symptoms "both prior to and following the accident of February 2013" and Discon "show[ed] evidence of degenerative disc disease . . . predating the [February 2013] accident."[59] With respect to Discon's complaints of low back pain, Dr. Butler disagreed with the radiologist who reviewed Discon's MRI of the lumbar spine, opining Discon suffers from "very early mild degenerative disease of the lumbar spine."[60] Regarding Discon's complaints of right shoulder pain, Dr. Butler again disagreed with the radiologist who reviewed the MRI of the right shoulder.[61] Instead, Dr. Butler found the MRI did not reveal a SLAP tear, and any degeneration of Discon's right shoulder was not traumatic in nature.[62] With respect to Discon's hip pain, Dr. Butler opined he "failed to see any relationship of any right hip complaints to the accident in question."[63] Dr. Butler did note Discon has "evidence of significant osteoarthritis of the right hip and some degenerative changes of the hip . . . . [but] [n]one of these findings . . . with regard to the right hip are related to trauma with any reasonable probability."[64]

---

[57] R. Doc. 81-1 at 2.
[58] R. Doc. 81-4 at 1.
[59] R. Doc. 81-4 at 6–7.
[60] R. Doc. 81-4 at 7.
[61] R. Doc. 81-4 at 7.
[62] R. Doc. 81-4 at 7.
[63] R. Doc. 81-4 at 6.
[64] R. Doc. 81-4 at 6.

In further support of its contention that its refusal to tender additional payment to Discon is not arbitrary and capricious because questions of causation exist, Encompass submits the testimony of Dr. R. Bryan Griffith, who performed Discon's hip replacement surgery.[65] Dr. Griffith testified Discon "had arthritic changes prior to [the] accident more likely than not" and Discon "had arthritis before the accident."[66] Dr. Griffith further testified he does not know "how much [the] accident bothered [Discon] [or] how much it accelerated him" and that Discon "was going to have his hip replaced whether he had this accident or not."[67] In his deposition, Dr. Griffith was asked repeatedly whether the accident caused or accelerated Discon's hip injury. In response to these questions, Dr. Griffith first answered "I think it's certainly possible if not probable that [the accident] accelerated [the hip injury]."[68] When asked a second time, Dr. Griffith testified "it's certainly possible that this accident . . . could have aggravated [Discon's] hip," but that Dr. Griffith did not "have enough information to say it's more probable than not" that the accident accelerated Discon's hip injury.[69] When asked whether the accident contributed to Discon's hip injury a third time, Dr. Griffith testified "it's certainly more probable than not that an accident like this . . . could contribute to some degree of acceleration of [Discon's] arthritic hip."[70]

Dr. Butler's opinion and Dr. Griffith's testimony show coverage is disputed. The Court finds Encompass's decision not to pay an additional unconditional tender to Discon is not behavior that is "unjustified [or] without reasonable or probable cause or excuse."[71]

---

[65] R. Doc. 81-5.
[66] R. Doc. 81-5 at 7–8.
[67] R. Doc. 81-5 at 10.
[68] R. Doc. 81-5 at 10.
[69] R. Doc. 81-5 at 21.
[70] R. Doc. 81-5 at 27–28.
[71] *Reed*, 857 So. 2d at 1021.

Encompass has a good-faith defense that the accident may not have caused Discon's injuries.[72] Encompass, therefore, has submitted sufficient evidence to negate an essential element of Discon's claim—that Encompass acted arbitrarily and capriciously in its refusal to pay Discon's claim.

Because Encompass, as movant on summary judgment, has submitted affirmative evidence to negate an essential element of Discon's claim, the burden shifts to Discon to muster sufficient evidence to show Encompass is not entitled to summary judgment as a matter of law.

In support of his position, Discon submits the testimony of Dr. Jason Rolling, an orthopedic surgeon who treated Discon. Dr. Rolling opined the accident "played a role" in the acceleration of Discon's hip injury, albeit not a "gigantic" role.[73] Dr. Rolling also testified Discon would likely have needed a hip replacement "no matter what."[74]

Discon also submits Dr. Griffith's testimony arguing that Dr. Griffith's statement that it was "possible, if not probable" the accident accelerated Discon's injuries establishes the accident and injuries were causally related.[75] As discussed above, Dr. Griffith's conflicting testimony gives rise to a factual question of whether there was coverage based on the extent to which the accident caused or accelerated Discon's injuries.

Finally, Discon submits his own sworn affidavit, in which states he never had any hip complaints or complaints related to his hip and never sought medical care relating to his hip before the February 22, 2013 accident.[76]

---

[72] *Id.* An insurer's actions are vexatious when its refusal to pay is not based on a good-faith defense.
[73] R. Doc. 82-1 at 1.
[74] R. Doc. 82-1 at 1.
[75] R. Doc. 82 at 6–7.
[76] R. Doc. 82-3 at 1. Discon also attempts to submit the medical records of Dr. John Logan from The North Institute. R. Doc. 82-4. These documents are uncertified medical records, which are not proper summary judgment evidence. The Court will not consider these documents in its ruling.

The Court finds Discon fails to submit sufficient evidence to overcome Encompass's evidence that its refusal to pay was based on a good-faith defense. Because factual issues with respect to the causation of Discon's injuries exist, "bad faith should not be inferred from [Encompass's] failure to pay within the statutory time limits when such reasonable doubts [as to causation] exist."[77] Encompass has established its refusal to pay a claim is based on a genuine dispute over coverage or the amount of loss and it therefore did not act vexatiously.

Accordingly;

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** the motion for partial summary judgment[78] filed by Encompass Insurance Company is **GRANTED**.

**New Orleans, Louisiana, this 28th day of November, 2016.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[77] *Lemoine v. Mike Munna, LLC*, 148 So. 3d 205, 215 (La. Ct. App. 1 Cir. 6/6/14) (citing *Reed*, 857 So. 2d at 1021).
[78] R. Doc. 81.

13